Kevin S. Conlogue, SBN 285277
(Kevin@LOKSC.com)
**THE LAW OFFICE OF KEVIN S. CONLOGUE**
292 S. La Cienega Blvd., Ste. 207
Beverly Hills, CA 90211
Tel: (213) 255-8837
Fax: (213) 477-2069

Attorneys for Plaintiffs
KEITH ANDERSON, LORENA MCCAIGUE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH ANDERSON; LORENA MCCAIGUE;<br><br>      Plaintiffs,<br><br>   v.<br><br>CHIEF JOHN E. PEREZ; CITY OF PASADENA,<br><br>      Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES OF**<br><br>  1) **First Amendment Violations (42 U.S.C. § 1983)**<br>  2) **Due Process—Retaliation (42 U.S.C. § 1983)**<br>  3) **State Created Danger (42 U.S.C. § 1983)**<br>  4) ***Monell* Claim (42 U.S.C. § 1983)**<br>  5) **Supervisory Liability (42 U.S.C. § 1983)**<br>  6) **Negligence**<br>  7) **Intrusion Into Private Affairs**<br>  8) **Public Disclosure of Private Facts**<br>  9) **Violation of Government Code § 6254.21**<br>  10) **Bane Act Violation (Cal. Civ. Code § 52.1)**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiffs, KEITH ANDERSON, and LORENA MCCAIGUE, for their claims against Defendants, CHIEF JOHN E. PEREZ, and CITY OF PASADENA, and each of them, complain and allege as follows:

## INTRODUCTION

1.     This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under state law and the United States Constitution in connection with Plaintiffs' petition for redress of their grievances related to an unlawful entry of their residence by the Pasadena Police Department ("PPD") and Defendants' subsequent retaliation against Plaintiffs for said petition.

## PARTIES

2.     At all times herein relevant, Plaintiff, KEITH ANDERSON ("Plaintiff"), an individual, was a resident of the State of California, a retired federal law enforcement agent, and a federal criminal investigator as defined by California Government Code § 6254.24(h).

3.     At all times herein relevant, Plaintiff, LORENA MCCAIGUE ("Plaintiff"), an individual, was a resident of the State of California, an active federal law enforcement agent, and a federal criminal investigator as defined by California Government Code § 6254.24(h).

4.     At all relevant times, Defendant CHIEF JOHN E. PEREZ ("CHIEF PEREZ") was the Chief of Police for PPD and in charge of the PPD's response to California Public Records Act ("CPRA") requests, response to Government Tort Claims, response to petitions for redress of grievances by citizens against the PPD, Internal Investigations and Training, and Personnel Divisions and other operations and subdivisions presently unidentified to Plaintiffs, and their tactics methods, practices, customs and usages.  Defendant CHIEF PEREZ was responsible for the management and control of all PPD responses to California Public Records Act ("CPRA") requests, responses to Government Tort Claims, responses to petitions for redress of grievances by citizens against the PPD, Internal Investigations and Training of the PPD, and

Personnel Divisions and other operations and subdivisions of PPD; for the selection, promotion, supervision, training, discipline and retention of agents and employees working within the PPD; and for the implementation of policies and procedures within the PPD. Defendant CHIEF PEREZ was regularly provided with reports concerning Plaintiff's CPRA requests, government tort claims, and lawsuit as alleged herein. Pursuant to California law and his duties as the Chief of PPD, Defendant CHIEF PEREZ is sued in his individual capacity, as a supervisor for his own culpable action or inaction in the training, supervision or control of his subordinates, or his acquiescence in the constitutional deprivations which this Complaint alleges, or for conduct that showed reckless or callous indifference for others. Defendant CHIEF PEREZ's affirmative conduct involves his knowing failure to ensure enforcement of policies, rules or directives that set in motion a series of acts by others which he knew or reasonably should have known would cause others to inflict a constitutional injury on Plaintiffs. Defendant CHIEF PEREZ is additionally liable pursuant to section 820(a) for his actions and inactions as alleged herein.

5. At all times herein relevant, Plaintiffs are informed and believe, Defendant CITY OF PASADENA ("CITY"), is and was a duly organized public entity, form unknown, existing under the laws of the State of California. At all times herein mentioned, Defendant CITY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the Pasadena Police Department ("PPD"), and particularly said Department's response to California Public Records Act requests, response to Government Tort Claims, response to petitions for redress of grievances by citizens, Internal Investigations and Training, and Personnel Divisions and other operations and subdivisions presently unidentified to Plaintiffs, and their tactics methods, practices, customs and usages.

6. At all relevant times, Defendant CITY was the employer of Defendant CHIEF PEREZ, and said Defendant subject to oversight and supervision by CITY's elected and non elected officials.

1    7.     At all times herein relevant, Defendant CITY was the employer and/or principal
2    of the Defendant CHIEF PEREZ herein, and/or was and is legally responsible for the
3    acts, omissions, and conduct of Defendant CHIEF PEREZ herein, within the meaning
4    of Government Code §§ 815.2(a), 815.4, 820(a), among other provisions, and is liable
5    to Plaintiffs by reason thereof.
6    8.     In doing the acts and failing and omitting to act as hereinafter described,
7    Defendant CHIEF PEREZ, was acting on the implied and actual permission and
8    consent of Defendant CITY.
9    9.     At all times mentioned herein, each and every defendant was the agent of each
10   and every other defendant and had the legal duty to oversee and supervise the hiring,
11   conduct and employment of each and every defendant herein.
12   10.    Prior to the commencement of this action, Plaintiffs presented  government tort
13   claims with Defendant CITY in full and timely compliance with the California Tort
14   Claims Act.  Said claim has been denied expressly or by operation of law by
15   Defendant CITY.  Plaintiffs have complied with the requirements of the Government
16   Code for the timely filing of formal claims with Defendant CITY.
17   11.    Defendant CHIEF PEREZ did the acts and omissions hereinafter alleged
18   willfully, intentionally, maliciously, in bad faith and with knowledge that his conduct
19   violated well established and settled law.
20                              **JURISDICTION AND VENUE**
21   12.    This civil action is brought for the redress of alleged deprivations of
22   constitutional rights as protected by the U.S. Constitution, the First Amendment, the
23   Fourteenth Amendment, and 42 U.S.C. § 1983.  Jurisdiction is founded on 28 U.S.C.
24   §§ 1331, 1367.
25   13.    Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants
26   reside in, and all incidents, events, and occurrences giving rise to this action occurred
27   in County of Los Angeles, State of California.
28   //

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A. Unlawful Entry & Plaintiffs' Government Tort Claim Submitted & Lawsuit Filed

14.     Plaintiffs re-allege and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs, as though fully set forth herein.

15.     On or around July 22, 2019, Officer Alex Torres, Officer Cybulski, Officer Brian Petrella, and Sergeant Ara Bzdigian of the PPD unlawfully entered Plaintiffs' residence without a warrant and without an exigency, in violation of the United States Constitution and California law.

16.     On June 11, 2020, Plaintiffs each submitted a Claim Against The City of Pasadena in compliance of California's Government Tort Claims Act to petition Defendant CITY to redress Plaintiffs' grievances for the unlawful acts that took place on or around July 22, 2019.

17.     On July 31, 2020, Plaintiffs filed a lawsuit against Defendant CITY and the above named officers involved with the unlawful incident on or around July 22, 2019, in Los Angeles County Superior Court, *Anderson, et al. v. City of Pasadena, et al.*, Case Number 20stcv28881 to redress Plaintiffs' grievances for the unlawful acts that took place on or around July 22, 2019.

### B. Defendants' Retaliation

18.     After receiving Plaintiffs' Claims Against The City of Pasadena and in retaliation for petitioning the CITY to redress Plaintiffs' grievances, on or about July 6, 2020, Defendant CHIEF PEREZ and subordinates under his control posted the home address and information of Plaintiffs on the Internet without obtaining written permission of Plaintiffs in violation of California Government Code § 6254.21. Defendant CHIEF PEREZ knew Plaintiffs are and/or were federal criminal investigators pursuant California Government Code § 6254.24(h), but Defendant CHIEF PEREZ intentionally posted Plaintiffs' private information knowing that

imminent great bodily harm would likely occur to Plaintiffs, and additionally Defendant CHIEF PEREZ used the posting as a threat to cause imminent great bodily harm to Plaintiffs if Plaintiffs proceeded forward with their lawful right to file a lawsuit based upon the facts alleged in their California Government Tort Claims submitted to Defendant CITY.  Regardless of Defendant CHIEF PEREZ's knowledge, he was deliberately indifferent to the risk of harm posed to Plaintiffs.

19.     On or about July 8, 2020, Plaintiffs requested Defendant CHIEF PEREZ to remove the unlawful posting on the Internet herein alleged, and on or about July 15, 2020, Defendant CHIEF PEREZ responded to Plaintiffs' request and refused to take the information down from the Internet.  Upon information and belief, as of the date of filing of this complaint, Defendant CHIEF PEREZ and subordinates under his control continue to post the home address and information of Plaintiffs on the Internet.

20.     As a direct and proximate cause of Defendants' actions alleged herein, Plaintiffs were forced to move out of their residence due to the threats to their safety and well being, and incurred economic damages.

21.     As a direct result of Defendants' unlawful activities, Plaintiffs suffered severe pain and suffering, mental anguish, humiliation, and emotional distress.

### C. Public Records Act Requests

22.     On August 14, 2019, Plaintiff Keith Anderson made a request to CITY pursuant to the California Public Records Act ("CPRA"), California Government Code sections 6250 et seq., to obtain copies of the body worn camera videos from the July 22, 2019 incident.  On August 16, 2019, the CITY responded to the August 14, 2019 CPRA request indicating that the videos will not be released even though CITY had no legal authority to withhold said videos.

23.     On September 25, 2019, Plaintiff Keith Anderson made a second request to CITY pursuant to the CPRA to obtain copies of the body worn camera videos from the July 22, 2019 incident.  On the same date, the CITY assigned the request number

0011940, and Alicia Patterson responded indicating that the videos will not be released even though CITY had no legal authority to withhold said videos.

24.     On October 31, 2019, Plaintiff Keith Anderson requested the body worn cameras from the subject incident a third time pursuant to the CPRA.  On November 4, 2019, CITY responded indicating that the videos will not be released even though CITY had no legal authority to withhold said videos.

25.     On May 5, 2020, Plaintiffs' counsel made a request to CITY pursuant to the CPRA for various documents and information of Plaintiffs' July 22, 2019 Incident consisting of: (1) the incident report, (2) any probable cause declaration reports, (3) the identity of the involved officers, (4) digital copies of all photographs of the incident, (5) digital copies of all videos of the incident, including body camera videos and MVARS, (6) all CAD logs, (7) any evidence gathered by involved officers, (8) all evidence relied upon the involved officers to enter the Subject Property, (9) all witness statements, and (10) 911 audio calls and call logs.

26.     On May 11, 2020, CITY produced a redacted incident report, and refused to produce any body camera videos and 911 audio calls and call logs related to the July 22, 2019 incident.

27.     In response, on May 19, 2020, Plaintiffs' Counsel sent a second CPRA request demanding an unredacted incident report, all body camera videos, and 911 audio calls and call logs for the July 22, 2019 incident.

28.     On May 19, 2020, CITY acknowledged Plaintiffs' CPRA request, and assigned it request number 0013233.  In response, CITY produced a redacted incident report, and refused to produce any body camera videos and 911 audio calls and call logs related to the July 22, 2019 incident.

29.     On June 22, 2020, Alicia Patterson responded on behalf of the CITY indicating that the CITY will not be producing any documents or items in response to Plaintiffs' May 19, 2020 letter.

30.     On or around July 6, 2020, Defendant CHIEF PEREZ and subordinates under his control posted the home address and information of Plaintiffs on the Internet, including the body worn camera footage and 911 calls of the July 22, 2019 incident, allegedly in response to a third-party's request.  Defendants CHIEF PEREZ and CITY refused to provide these videos and 911 calls directly to Plaintiffs' five (5) requests, which would have kept Plaintiffs' information private, but instead in a retaliatory manner after Plaintiffs' submitted their Government Tort Claims to Defendants, Defendants posted the body worn camera footage and 911 calls of the July 22, 2019 incident on the Internet revealing Plaintiffs' private information to the general public.

31.     Prior to and since Plaintiffs' July 22, 2019 incident and numerous CPRA requests that were unlawfully denied, Defendants routinely unlawfully denied CPRA requests that would disclose Defendants' Constitutional violations of other citizens and video footage of said violations, including but not limited to, requests made by Alisha Brown (requested January 1, 2018 through attorney James DeSimone), Edison Yi (requested October 18, 2018), Dietrich Lee (requested December 5, 2018), James Farr (requested January 15, 2019), Jose Gonzalez (requested February 14, 2019), Courtney Combs-Toland (requested June 25, 2019), Lisa Davis (requested June 22, 2020), James Farr (requested September 17, 2020).  However, if a CPRA request would not reveal a Constitutional violation, Defendants would routinely and without pause produce documents and videos responsive to said CPRA requests.  Defendants willfully withhold information that evidences their Constitutional violations of citizens.

32.     The actions and omissions of Defendants set forth in the preceding paragraphs in this section were a motivating and moving force behind the violations of Plaintiffs' constitutional rights as set forth in this complaint.

//

//

//

# FIRST CLAIM FOR RELIEF

## First Amendment Violations (42 U.S.C. § 1983)

### (Against Defendant CHIEF PEREZ)

33.    Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 32, as though fully set forth herein.

34.    At all times herein alleged, Plaintiffs were engaged in constitutionally protected activity of freedom of expression, right to petition the government, and to access the courts, secured to them under the First Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

35.    Defendant CHIEF PEREZ, illegally interfered with Plaintiffs constitutionally protected activity of freedom of expression, right to petition the government, and to access the courts, as guaranteed to the Plaintiffs under the First Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

36.    The actions of Defendant deprived Plaintiffs of their right to be free from state actions that shock the conscience under the Fourteenth Amendment's Due Process Clause.

37.    As a result of the conduct of Defendant, Defendant is liable for Plaintiffs' injuries, either because he was an integral participants in the violation of Plaintiffs' Constitutional rights, or because he failed to intervene to prevent these violations.

38.    The conduct of Defendant was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of Plaintiffs, and therefore warrants the imposition of exemplary and punitive damages as to Defendant CHIEF PEREZ.

39.    Accordingly, Defendant CHIEF PEREZ is liable to Plaintiffs for compensatory and punitive damages under 42 U.S.C. § 1983.

//

//

//

## **SECOND CLAIM FOR RELIEF**

### **Due Process—Retaliation (42 U.S.C. § 1983)**

### **(Against Defendant CHIEF PEREZ)**

40.    Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 39, as though fully set forth herein.

41.    This claim arises under 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California, and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiffs by said statutes, and by the Fourteenth Amendment of the United States Constitution Due Process Clause.

42.    Defendant CHIEF PEREZ's actions and inactions deprived Plaintiffs of both procedural due process and substantive due process as guaranteed to the Plaintiffs under the Fourteenth Amendment of the United States Constitution based upon the actions and inactions herein alleged.  Defendant's actions and inactions did not further any legitimate state interest and were oppressive and shock the conscience under the Fourteenth Amendment's Due Process Clause and were done with deliberate indifference to Plaintiffs' right to be free from state actions.

43.    The above acts of omissions of Defendants were undertaken while under color of state law and resulted in the violation of Plaintiffs' constitutional rights, as stated herein.

44.    The actions of Defendant deprived Plaintiffs of their right to be free from state actions that shock the conscience under the Fourteenth Amendment's Due Process Clause.

45.    As a result of the conduct of Defendant, Defendant is liable for Plaintiffs' injuries, either because he was an integral participants in the violation of Plaintiffs' Constitutional rights, or because he failed to intervene to prevent these violations.

46.    The conduct of Defendant was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of Plaintiffs, and

therefore warrants the imposition of exemplary and punitive damages as to Defendant CHIEF PEREZ.

47.     Accordingly, Defendant CHIEF PEREZ is liable to Plaintiffs for compensatory and punitive damages under 42 U.S.C. § 1983.

## THIRD CLAIM FOR RELIEF

### State Created Danger (42 U.S.C. § 1983)

### (Against Defendant CHIEF PEREZ)

48.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 47, as though fully set forth herein.

49.     Defendants' actions placed Plaintiffs' in an actual, particularized danger by creating and exposing Decedent to an environment that permitted threats to their safety and well being which they would not have faced but for Defendant CHIEF PEREZ's actions and omissions.

50.     By Defendant's acts and omissions, Defendant acted with deliberate indifference to the known and obvious dangers to Plaintiffs' safety and well being.

51.     The above acts of omissions of Defendants were undertaken while under color of state law and resulted in the violation of Plaintiffs' constitutional rights, as stated herein.

52.     The actions of Defendant deprived Plaintiffs of their right to be free from state actions that shock the conscience under the Fourteenth Amendment's Due Process Clause.

53.     As a result of the conduct of Defendant, Defendant is liable for Plaintiffs' injuries, either because he was an integral participants in the violation of Plaintiffs' Constitutional rights, or because he failed to intervene to prevent these violations.

54.     The conduct of Defendant was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of Plaintiffs, and therefore warrants the imposition of exemplary and punitive damages as to Defendant CHIEF PEREZ.

55.     Accordingly, Defendant CHIEF PEREZ is liable to Plaintiffs for compensatory and punitive damages under 42 U.S.C. § 1983.

## FOURTH CLAIM FOR RELIEF

### *Monell* Claim (42 U.S.C. § 1983)

### (Against Defendant CITY)

56.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 55, as though fully set forth herein.

57.     Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendant CITY, with deliberate indifference, and conscious and reckless disregard to the safety, security and constitutional and statutory rights of Decedent, engaged in the unconstitutional conduct and omissions as is specifically elaborated in ¶¶14-32 above.

58.     Defendant CITY is and at all times herein mentioned has been a public entity and incorporated municipality duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY and the PPD possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the CITY and of the PPD and its tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance and the proper application of their powers of responding to Government Tort Claims, to petitions for redress of grievances by citizens against the PPD, and to CPRA requests, by its rank and file, generally.

59.     At all times herein mentioned, Defendant CHIEF PEREZ was an employee of the PPD acting under the CITY's direction and control, who knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the First and Fourteenth Amendments respectively to the United States Constitution, which customs, policies, practices and usages at all times herein mentioned encouraged the employment,

deployment and retention of persons as peace officers who have a propensity for unlawfully refusing to respond to Government Tort Claims, to petitions for redress of grievances by citizens against the PPD, and to CPRA requests, retaliation of constitutionally protected activities, dishonesty, cover-up, bias, and numerous other serious abuses of their duties as peace officers in the employment of the PPD and CITY.

60.     Defendant CITY knowingly maintains and permits official *sub-rosa* policies or customs of permitting the occurrence of the kinds of wrongs set forth above, by deliberate indifference to widespread police abuses, failing and refusing to fairly and impartially investigate, discipline or prosecute officers who commit acts of unlawful refusing to respond to Government Tort Claims, to petitions for redress of grievances by citizens against the PPD, and to CPRA requests, retaliation of constitutionally protected activities, dishonesty, cover-up, bias, and crimes under color of law, each ratified and approved by the PPD and CITY.

61.     On and for some time prior to June 11, 2020 (and continuing to the present date), Defendant CITY, deprived Plaintiffs of the rights and liberties secured to them by the First and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, of Plaintiffs, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized CITY custom, policy, and practice of, or ratified, directed, encouraged, and/or allowed the following:

      (a)     Defendant CITY had knowledge, prior to and since this incident, of repeated allegations of misconduct involving the refusal to respond to Government Tort Claims, to petitions for redress of grievances by citizens against the PPD, and to CPRA requests, retaliation of citizens when they exercise their rights under constitutionally protected activities;

(b)     Defendant CITY had knowledge, prior to and since this incident, of similar allegations of misconduct involving the refusal to respond to Government Tort Claims, to petitions for redress of grievances by citizens against the PPD, and to CPRA requests, retaliation of citizens when they exercise their rights under constitutionally protected activities, suppressing evidence, and dishonesty by Defendant, and refused to enforce established administrative procedures to insure the rights of citizens;

(c)     Defendant CITY and PPD refused to adequately discipline individual officers and employees found to have committed similar acts of misconduct involving the refusal to respond to Government Tort Claims, to petitions for redress of grievances by citizens against the PPD, and to CPRA requests, retaliation of citizens when they exercise their rights under constitutionally protected activities;

(d)     Defendant CITY and PPD refused to competently and impartially investigate allegations of misconduct involving the refusal to respond to Government Tort Claims, to petitions for redress of grievances by citizens against the PPD, and to CPRA requests, retaliation of citizens when they exercise their rights under constitutionally protected activities, and misconduct alleged to have been committed by Department employees;

(e)     Defendant CITY and PPD reprimanded, threatened, intimidated, demoted and fired officers who courageously reported unlawful acts by other officers;

(f)     Defendant CITY and PPD covered up acts of misconduct and abuse by CITY officers and sanctioned a code of silence by and among officers and management;

(g)     Defendant CITY and PPD knew of and sanctioned the custom and
        practice of misconduct involving the refusal to respond to Government
        Tort Claims, to petitions for redress of grievances by citizens against the
        PPD, and to CPRA requests, retaliation of citizens when they exercise
        their rights under constitutionally protected activities;

(h)     Defendant CITY and PPD failed to adequately supervise the actions of
        officers under their control and guidance;

(i)     Defendant CITY and PPD historically condone and encourage systemic
        conspiracy of silence among its employees for the purpose of concealing
        and further wrongful and illegal conduct by its employees; and,

(j)     Defendant CITY and PPD fostered and encouraged an atmosphere of
        lawlessness, abuse and misconduct, which by June 11, 2020, and
        thereafter, represented the unconstitutional policies practices and customs
        of the CITY and PPD.

62.     By reason and pursuant to the aforesaid policies, practices, customs, and usages
of Defendant CITY and the PPD, Plaintiffs have suffered severe pain and suffering,
mental anguish, humiliation, and emotional distress, along with economic damages in
an amount according to proof at trial.

63.     Defendant CITY and the PPD, together with various other officials, whether
named or unnamed, had either actual or constructive knowledge of the deficient
policies, practices and customs alleged in the paragraphs above.  Despite having
knowledge as stated above these defendants condoned, tolerated and through actions
and inactions thereby ratified such policies.  Said defendants also acted with deliberate
indifference to the foreseeable effects and consequences of these policies with respect
to the constitutional rights of Plaintiffs, and other individuals similarly situated.

64.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct
and other wrongful acts, Defendant CITY and PPD acted with an intentional, reckless,
and callous disregard for the well-being of Plaintiffs and their constitutional as well as

human rights. Defendant CITY and PPD and each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

65.     Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendant CITY and the PPD were affirmatively linked to and were a significantly influential force and moving force behind Plaintiffs' damages.

66.     By reason of the aforesaid policies, customs, practices and usages, Plaintiffs' First and Fourteenth Amendments to the United States Constitution were violated. Said customs, policies, practices and usages at all times herein mentioned violated constitutional rights including those of Plaintiffs.

67.     Accordingly, Defendant CITY is liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

## FIFTH CLAIM FOR RELIEF

### Supervisory Liability (42 U.S.C. § 1983)

### (Against Defendant CHIEF PEREZ)

68.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 67, as though fully set forth herein.

69.     Plaintiff is informed and believes and thereon alleges that Defendant CHIEF PEREZ knew of acts of unlawfully refusing to respond to Government Tort Claims, to petitions for redress of grievances by citizens against the PPD, and to CPRA requests, retaliation of constitutionally protected activities, dishonesty, cover-up, bias, and crimes under color of law. Defendant's disregard of this knowledge or failure to adequately investigate and discover and correct such acts or failures to act was a moving force which caused the violation of Plaintiffs' constitutional rights.

70.     Plaintiffs are informed and believe and thereon allege that prior to the incident alleged herein, Defendant CHIEF PEREZ acting under the color of his authority as supervisory officer of subordinates, officers, and personnel of the PPD, and in the course and scope of his employment as such, committed similar acts of:

a)      Retaliation of citizens who submit Government Tort Claims regarding the PPD;

b)      Retaliation of citizens who petition for redress of grievances against the PPD;

c)      Failure to respond lawfully to CPRA requests;

d)      Retaliation against citizens who engage in constitutionally protected activities; and,

e)      Discriminating against citizens who seek to redress grievances involving the PPD and imposes punishment for behavior resulting from or caused by such redress.

71.      Plaintiffs are further informed and believe and thereon allege that Defendant CHIEF PEREZ knew, or in the exercise of reasonable care should have known, of this pattern or practice of unconstitutional violations, or the existence of facts which create the potential of unconstitutional acts, and this Defendant had a duty to train and instruct their subordinates to prevent similar acts, but failed to take steps to properly train, supervise, investigate or instruct subordinates, officers, and/or agents or employees, and to retain subordinates, officers, and/or agents or employees who had a history of inappropriate conduct, and as a result Plaintiffs were harmed in the manner threatened by the pattern or practice.

72.      At all times herein mentioned, and prior thereto, Defendant had the duty to perform the following, and violated that duty:

a)      To train, supervise, and instruct subordinates, officers, and/or agents or employees to ensure that they respected and did not violate federal and state constitutional and statutory rights of citizens;

b)      To objectively investigate incidents related to government tort claims submitted that claimed unlawful and unconstitutional actions of the PPD, and to take remedial action;

c)   To objectively investigate incidents related to grievances filed by citizens for redress submitted by citizens that claimed unlawful and unconstitutional actions of the PPD, and to take remedial action;

d)   To objectively evaluate and respond to CPRA requests submitted concerning unlawful and unconstitutional actions of the PPD, and to take remedial action;

e)   To periodically monitor the competency of subordinates, officers, and/or agents or employees to ensure that subordinates, officers, and/or agents or employees were complying with constitutional requirements;

f)   To comply with the statutory guidelines and regulations enacted for the Government Tort Claims;

g)   To comply with the statutory guidelines and regulations enacted for the CPRA requests;

h)   To discipline and to establish procedures to correct past violations, and to prevent future occurrences of violation of constitutional rights of citizens, by not condoning, ratifying, and/or encouraging the violation of Plaintiffs' constitutional rights; and,

i)   Not to discriminate against citizens who seek to redress their grievances with the City and PPD, and imposes punishment for behavior resulting from or caused by such activity.

73.   As a legal result of the conduct of Defendant, as described above, Plaintiffs were damaged as alleged herein and as set forth above.

74.   Accordingly, Defendant is liable to Plaintiffs for compensatory and punitive damages under 42 U.S.C. § 1983.

//

//

//

//

## SIXTH CLAIM FOR RELIEF

### Negligence

### (Against All Defendants)

75.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 74, as though fully set forth herein.

76.     At the aforementioned time and place, Defendants CHIEF PEREZ and CITY owed Plaintiffs a duty of due care, and that duty was breached by said Defendants' negligence and failure to exercise due care in keeping confidential Plaintiffs' address and confidential information.

77.     Defendants CHIEF PEREZ and CITY were also negligent and reckless with regard to the hiring, training, supervision and retention of its employees, agents, and/or independent contractors who had any form of involvement with the incident, and such negligent and reckless conduct also legally caused or contributed to causing the incident and damages to Plaintiffs as herein alleged.

78.     By virtue of the foregoing, Defendant CITY owed Plaintiffs a duty of due care, and that duty was breached by Defendants' negligent and careless manner and in hiring, training, supervising and retaining by, among other things:

a)     Failing to adequately train its officers and employees on responding to CPRA requests;

b)     Failing to adequately train its officers and employees in complying with the California Government Code to maintain the privacy of federal criminal investigators;

c)     Failing to adequately investigate  background, training and experience as an employee and his propensity for truthfulness;

d)     Failing to provide adequate supervisory control over the actions of its employees in regard to adequate training, supervision, equipment, planning, oversight, and administration;

e)     Failing to control the conduct of its employees who have a known propensity for retaliation against citizens who seek redress of grievances, falsifying or suppressing evidence and in failing to discipline its employees;

f)     Failing to investigate in good faith, allegations of retaliation against citizens who seek redress of grievances, falsifying evidence or suppressing evidence by its employees;

g)     Failing to discipline its employees who commit acts of retaliation against citizens who seek redress of grievances, falsify evidence and records or suppress evidence; and,

h)     Sanctioning, condoning and approving a City-wide custom and practice of a code of silence, cover-up and dishonesty.

79.     As a direct and proximate cause of the aforementioned acts of Defendants, Plaintiffs were injured as set forth above and is entitled to compensatory damages according to proof at the time of trial.

80.     Defendant CHIEF PEREZ is liable to Plaintiffs, pursuant to California Government Code § 820(a), 6254.21, amongst other provisions.

81.     Defendant CITY is liable to Plaintiffs for negligence, pursuant to California Government Code §§ 815.2(a), 815.4, 820(a), 6254.21, amongst other provisions

82.     As a direct and proximate result of the foregoing, Plaintiffs have damages as recited above and demand and is entitled to damages, including, but not limited to, general, special and punitive damages (except as to Defendant CITY for punitive damages), and any other relief allowable at law or in equity.

## SEVENTH CLAIM FOR RELIEF

### Intrusion Into Private Affairs

### (Against All Defendants)

83.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 74, as though fully set forth herein.

84. Defendants CHIEF PEREZ and CITY violated Plaintiff's right to privacy as alleged herein.

85. At all relevant times mentioned herein, Plaintiffs had a reasonable expectation of privacy in their address and information, Defendants intentionally intruded in Plaintiffs' expectation of privacy by the aforementioned acts herein alleged, and Defendants' intrusion would be highly offensive to a reasonable person.

86. As a legal, direct, and proximate result of the aforementioned conduct of Defendants, Plaintiffs were harmed, and Defendants' conduct was a substantial factor in causing Plaintiffs' harm.

87. As a direct and proximate result of the foregoing, Plaintiffs have damages as recited above and demand and is entitled to damages, including, but not limited to, general, special and punitive damages (except as to Defendant CITY for punitive damages), and any other relief allowable at law or in equity.

## EIGHTH CLAIM FOR RELIEF

### Public Disclosure of Private Facts

### (Against All Defendants)

88. Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 87, as though fully set forth herein.

89. Defendants CHIEF PEREZ and CITY violated Plaintiff's right to privacy as alleged herein.

90. At all relevant times mentioned herein, Defendants publicized private information concerning Plaintiffs. A reasonable person in Plaintiffs' position would consider the publicity highly offensive, and Defendants knew, or acted with reckless disregard of the fact, that a reasonable person in Plaintiffs' position would the consider the publicity highly offensive. The private information publicized was not of legitimate public concern or did not have a substantial connection to a matter of legitimate public concern.

91.     As a legal, direct, and proximate result of the aforementioned conduct of Defendants, Plaintiffs were harmed, and Defendants' conduct was a substantial factor in causing Plaintiffs' harm.

92.     As a direct and proximate result of the foregoing, Plaintiffs have damages as recited above and demand and is entitled to damages, including, but not limited to, general, special and punitive damages (except as to Defendant CITY for punitive damages), and any other relief allowable at law or in equity.

<u>**NINTH CLAIM FOR RELIEF**</u>

**Violation of Government Code § 6254.21**

**(Against All Defendants)**

93.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 92, as though fully set forth herein.

94.     California Government Code section 6254.21(a) provides "[n]o state or local agency shall post the home address or telephone number of any elected or appointed official on the Internet without first obtaining the written permission of that individual."

95.     California Government Code section 6254.21(b) provides "[n]o person shall knowingly post the home address or telephone number of any elected or appointed official, or of the official's residing spouse or child, on the Internet knowing that person is an elected or appointed official and intending to cause imminent great bodily harm that is likely to occur or threatening to cause imminent great bodily harm to that individual. A violation of this subdivision is a misdemeanor."

96.     An "elected or appointed official" under California Government Code section 6254.21 includes public safety officials, as defined in California Government Code section 6254.24.

97.     California Government Code section 6254.24(h) defines a "public safety official" to include "a federal criminal investigator."

98.  These statutes were designed and enacted by the legislature of the State of California in order to prevent the injury sustained by Plaintiffs.

99.  The violation of inter alia California Government Code section 6254.21 by Defendants caused severe damages to Plaintiffs, who are members of the class of persons these statutes were designed to protect.

100.  As a direct and proximate result of the foregoing, Plaintiffs have damages as recited above and demand and is entitled to damages, including, but not limited to, general, special and punitive damages (except as to Defendant CITY for punitive damages), and any other relief allowable at law or in equity.

## TENTH CLAIM FOR RELIEF

### Bane Act Violation (Cal. Civ. Code § 52.1)

### (Against All Defendants)

101.  Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 100, as though fully set forth herein.

102.  The actions of all Defendants CHIEF PEREZ and CITY interfered with, and/or attempted to interfere with, by use of threats, intimidation, and/or coercion, the exercise or enjoyment by Plaintiffs the rights secured to them by the California Constitution and otherwise by California law, in violation of California Civil Code § 52.1.

103.  As a legal, direct, and proximate result of the aforementioned conduct of Defendants, Plaintiffs were harmed, and Defendants' conduct was a substantial factor in causing Plaintiffs' harm.

104.  As a direct and proximate result of the foregoing, Plaintiffs have damages as recited above and demands and is entitled to, including, but not limited to, general, special and punitive damages (except as to Defendant CITY for punitive damages), treble compensatory damages, attorney's fees, and any other relief allowable at law or in equity.

//

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs hereby pray for judgment against Defendants, and each of them, as follows:

1. For general, special, and compensatory damages in the amount to be proven at trial;

2. For punitive damages in an amount to be proven at trial (save against CITY);

3. For interest;

4. For costs;

5. For reasonable costs of this suit and attorneys' fees pursuant to 42 U.S.C. § 1988;

6. For attorneys' fees pursuant to Civil Code §§ 52, 52.1;

7. Any civil penalties, including treble damages and a minimum of $4,000.00 according to proof; and,

8. For such further other relief as the Court may deem just, proper, and appropriate.


Date: May 22, 2021          **THE LAW OFFICE OF KEVIN S. CONLOGUE**

By:   /S/Kevin S. Conlogue
Kevin S. Conlogue, Esq.
Attorney for Plaintiffs, KEITH ANDERSON
and LORENA MCCAIGUE

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Date: May 22, 2021                    **THE LAW OFFICE OF KEVIN S. CONLOGUE**

By: ___/S/Kevin S. Conlogue_____
Kevin S. Conlogue, Esq.
Attorney for Plaintiffs, KEITH ANDERSON
and LORENA MCCAIGUE